HART, appellant, v. WHEELER *et al.*

*Mechanic's lien — owner — contract of sale.*

W. contracted to convey certain lands to F. and to advance money for building houses thereon, and to take mortgages on the property, when so improved, to secure the purchase-price and advances. F. assigned this contract to H., who proceeded to erect the houses, and therefor employed plaintiff who did work and furnished material. Plaintiff filed notice of lien upon the premises and served notices on W. and F. as owners, and on H. as contractor. In an action to foreclose the lien the referee found that at the time the notice was filed there was nothing due under the said contract from W. to H., and dismissed the complaint. *Held,* error; W. was the owner, and the amount of the lien was not limited by any indebtedness from him to H.

ACTION for the foreclosure and enforcement of a mechanic's lien filed by plaintiff in pursuance of laws of 1862, chapter 478.

Wheeler and Young, two of the defendants, being owners of certain land in Brooklyn, agreed to sell it to Forfar and Anderson and to advance money to aid them in building houses thereon — the price of the lots and the loans to be secured by mortgages upon the property when the houses should be finished, and the money to be advanced in installments as the work progressed. This contract Forfar and Anderson assigned to the defendant Hall, who re-assigned to them the right to take the conveyance of the premises. Hall proceeded to build the houses under the contract, and employed plaintiff, who did work and furnished materials necessary in completing the houses.

Not receiving his pay, plaintiff filed a notice of lien upon the premises, and served copies thereof upon the defendants, Wheeler, Young, Forfar and Anderson, as owners, and upon Hall as contractor.

The case having been tried before a referee, he found that at the time of filing the said notice of lien, there was nothing due under the contract to advance money on the buildings, from said Wheeler and Young to said Hall, and therefore ordered judgment to be entered dismissing the complaint.

From the judgment so entered, plaintiff appealed.

*John R. Kuhn,* for appellant.

*A. H. & W. E. Osborne,* for respondents.

BARNARD, P. J. The defendants, Wheeler and Young, were the owners of the land sought to be affected by the lien. They were the owners as to the lien act, notwithstanding they had agreed to sell the property to Forfar and Anderson. Chap. 478, Laws of 1862, § 1.

Forfar and Anderson were not contractors with the owners to build for the owners upon the premises. They were building upon land, which as between the parties to the agreement, belonged to Forfar and Anderson. Wheeler and Young agreed to advance money to aid in the work, for which they were to be repaid by mortgage on the improved premises. The work which Hall did under the contract, as assignee of Forfar and Anderson, was work done by permission of the owners, and for such work there is no limit to the amount of the lien, other than "the value of such labor and materials." The judgment should be reversed and a new trial granted at special term, costs to abide event.

*Judgment reversed and new trial granted.*